IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE COMPANY, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 1:22-cv-00673 (PTG/WEF) |
| v. | ) ) | |
| SIDNEY STRICKLAND, *et al.*, | ) ) | |
| *Defendants.* | ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's Motion for Interpleader Discharge and Dismissal. Dkt. 22. For the reasons explained below, the Court GRANTS Plaintiff's Motion.

This case stems from competing claims to the proceeds of a life insurance policy for Suzanne K. Gray ("the Insured"). Plaintiff, New York Life Insurance Company, is a mutual insurance company. Dkt. 1 ¶ 1. Plaintiff issued the Insured a whole insurance policy dated July 21, 1980. *Id.* ¶ 7. On June 30, 2021, the Insured died, at which time a death benefit totaling $39,414.50 became due. *Id.* ¶¶ 13–14. Defendants, Sidney Strickland and Laura Conley, both asserted claims to the death benefit and contested the other's claim to such. *Id.* ¶¶ 15–18. On May 14, 2022, Plaintiff filed a Complaint in Interpleader in the United States District Court for the Eastern District of Virginia, indicating that although it is "ready, willing, and able" to pay the death benefit, it cannot determine who is entitled to the benefit. *Id.* ¶¶ 24–25. On March 10, 2023, Plaintiff deposited funds in the amount of $41,771.96 in the Registry of the Court. Dkt. 21. On March 20, 2023, Plaintiff filed a Motion for Interpleader Discharge and Dismissal ("Motion"). Dkt. 22. As of the date of this Memorandum Order, neither Defendant has filed an opposition to

the Motion.

In its Motion, Plaintiff requests that this Court discharge it from "any and all liability in connection with the Policy," permanently enjoin Defendants from prosecuting any other actions against it seeking payment of the death benefit, and dismiss it from this action with prejudice. *Id.* at 1. Plaintiff asserts it "cannot determine factually or legally who is entitled to the Death Benefit and, by reason of the actual or potential claims of the interpleading defendants, the Company is or may be exposed to multiple liability." *Id.* at 3.

Interpleader is appropriate where "one party, a 'stakeholder,' has money or other property that is claimed, or may be claimed, by two or more other parties, the 'claimants,' creating a risk of inconsistent claims to the property or judgments against the stakeholder that exceed the value of the property." *AmGuard Ins. Co. v. SG Patel & Sons II LLC*, 999 F.3d 238, 244 (4th Cir. 2021) (citing *Texas v. Florida*, 306 U.S. 398, 405–06 (1939)). This procedure allows the stakeholder to "join all claimants and efficiently resolve their claims to a corpus in 'a single forum and proceeding.'" *Id.* (citations omitted).

An interpleader action may be filed under 28 U.S.C. § 1335. Such an action requires (1) minimal diversity between two or more adverse claimants, (2) a value of $500 or more in controversy, and (3) a deposit in court by the plaintiff of the amount in dispute or a bond. 28 U.S.C. § 1335; *see also AmGuard Ins. Co.*, 999 F.3d at 244–45 (citations omitted). In the instant case, the parties are diverse—Plaintiff is a citizen of New York "and duly authorized to do business in the State of California," Defendant Conley is domiciled in Maryland, and Defendant Strickland is domiciled in Virginia. Dkt. 1 ¶¶ 1–3. Additionally, the amount in controversy—now $41,771.96—exceeds $500. Finally, Plaintiff has deposited the funds in dispute with the Court. Dkt. 21. Thus, the Court has jurisdiction under 28 U.S.C. § 1335.

Further, the Court finds there is no genuine dispute that Plaintiff legitimately fears the risk of multiple lawsuits over the death benefit proceeds. Plaintiff received conflicting claims to the death benefit by Defendants, both of whom were named beneficiary at some point. Dkt. 1 ¶¶ 8, 12, 15–18; *see also* Dkt. 23 ¶¶ 10–16. Additionally, Defendants are engaged in legal proceedings in another forum over the death benefits at issue. Dkt. 1 ¶¶ 20–21; *see also* Dkt. 23 ¶¶ 15–16. The Court notes that while Defendants answered Plaintiff's Complaint in Interpleader (Dkts. 8, 10), neither filed any opposition to the instant Motion. Accordingly, the Court finds that interpleader is appropriate because Plaintiff possesses the death benefit being claimed by Defendants and there is a risk of inconsistent claims to that benefit. *See AmGuard Ins. Co.*, 999 F.3d at 244. Once the property at issue is deposited in the Court, "the court directs the claimants to interplead among themselves for their portion, and the stakeholder is discharged." *Id.* Plaintiff has deposited the funds at issue with the Court, thus the Court will discharge Plaintiff from this action.

Finally, Plaintiff requests that this Court permanently enjoin Defendants from asserting claims against it for payment of the death benefit. Dkt. 22 at 6. 28 U.S.C. § 2361 provides:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

Accordingly, the Court will enjoin Defendants from initiating any additional claims against Plaintiff seeking payment of the death benefit. For the aforementioned reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Interpleader Discharge and Dismissal (Dkt. 22) is **GRANTED**. It is further

**ORDERED** that Plaintiff be and is **DISMISSED** from this civil action. It is further

**ORDERED** that Defendants are hereby enjoined from initiating or prosecuting any other

3

proceeding against Plaintiff seeking payment of the death benefit at issue.

Dated: May 18th, 2023

/s/

Patricia Tolliver Giles
United States District Judge